## CIRCUIT COURT OF WISE COUNTY

Gary E. Elswick

v.

Lonesome Pine
Int'l Raceway, Inc., et al.

January 9, 2001

Case No. L99-89

BY JUDGE J. ROBERT STUMP

The court has carefully considered the above file, pleadings, counsel's oral arguments and written briefs in regard to defendant's, Lonesome Pine's, plea of release and makes the following findings of fact and conclusions of law.

Elswick drove a race car and was injured in a "mini-cup" race at a race track operated by defendant Lonesome Pine International Raceway, Inc. Prior to the race, plaintiff signed a "Release and Waiver of Liability and Indemnity Agreement," wherein he assumed full responsibility for any injuries, covenanted not to sue defendant, agreed to inspect any "restricted areas," and agreed that the race is very dangerous and involves the risk of serious injury.

Plaintiff alleges that he drove into "a post supporting a guardrail on the outer edge of the race course" and that "the guardrail was improperly designed, installed, and maintained," thus it "had no absorbing qualities to decrease the amount of the force of any such collision."

Elswick contends that the law in Virginia is well settled that an agreement entered into prior to any injury, releasing a tortfeasor from liability for negligence resulting in personal injury, is void because it violates public policy. *Johnson's Adm'x v. Richmond & Danville RR.*, 86 Va. 975, 11 S.E. 829 (1890); *Hiett v. Lake Barcroft Community Assoc.*, 244 Va. 191, 418 S.E.2d 894 (1992); and Va. Code § 8.01-425.1.

However, Defendant asserts that plaintiff's legal authorities are not applicable to the validity of a release between a race track and a race car driver; that automobile racing is "inherently dangerous," § 46.2-865; that *Johnson*, an 1890 case, was decided long before car racing; that *Hiett* did not address auto races, which involve "a voluntary undertaking of a hazardous activity"; that the Virginia Supreme Court has not addressed a release in an industry where it is customary for the drivers to conduct their own inspection of the race track; and that the only case addressing Virginia law of a release in the context of the inherently dangerous activity of race car driving is *Rhea v. Horn-Keen Corp.*, 582 F. Supp. 687 (W.D. Va. 1984), which has not been overruled.

The Virginia Supreme Court has not addressed the validity of a release involving the inherently dangerous activity of race car driving. There are several federal and other state cases which have declared a release valid in the context of race tracks.

The Virginia General Assembly has declared race car driving at a "recreational facility" or on "business property open to the public" as reckless driving "unless authorized by the owner of the property or his agent." Va. Code § 46.2-865.

The federal *Rhea* case, construing Virginia law, is factually identical to the present case. This court adopts as its own the sound reasoning, cases cited, and conclusions in *Rhea*.

Participation in automobile races is a voluntary undertaking. Race car drivers are not permitted to participate unless they sign a release to hold the owner/organizer harmless in the event of injury. Otherwise organizers would not sponsor these sporting events. In view of the Virginia statute, declaring car racing as reckless driving unless authorized by the owner of the property, releases should be valid and not a violation of public policy.

Furthermore, in this case, the plaintiff agreed — by signing the release — that the race activities were very dangerous involving the risk of serious injury and acknowledged that he inspected and continued to inspect "restricted areas" of the race track. Certainly here assumption of the risk is a serious legal problem for plaintiff.

Wherefore, for the above reasons, the court finds the release valid and bars Elswick's action against Lonesome Pine International Raceway, Inc.

The doctrine of promissory estoppel is not a proper cause of action in Virginia, and plaintiff has orally advised that he will nonsuit this theory of his case.

Furthermore, the release bars plaintiff's constructive fraud and negligence claims here.